LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

| | |
|---|---|
| KRISTINA ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 4:26-cv-06704<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment-Unreasonable Search and Seizure —Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process (42 U.S.C. § 1983)<br>4. Battery (Wrongful Death)<br>5. Negligence (Wrongful Death)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff KRISTINA ANDERSON for her complaint against Defendants COUNTY OF ALAMEDA, and Does 1-10, inclusive, allege as follows:

### INTRODUCTION

1.    This civil action seeks survival, wrongful death, compensatory and punitive damages from Defendants for violating various rights under both federal and state law in connection with the fatal police shooting of the decedent, Anthony Anderson.

### PARTIES

2.    At all relevant times, decedent Anthony Anderson ("DECEDENT") was an individual residing in County of Alameda, California.

3.    Plaintiff KRISTINA ANDERSON is an individual residing in the County of Alameda, California, and is the mother of DECEDENT. KRISTINA ANDERSON sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. KRISTINA ANDERSON seeks both survival and wrongful death damages under federal and state law.

4.    At all relevant times, Defendant COUNTY OF ALAMEDA ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, COUNTY was the employer of Defendants DOES 1-5, who were COUNTY sheriff's deputies, DOES 6-7, who were COUNTY's sheriff's department supervisorial officers, and DOES 8-10, who were managerial, supervisorial, and policymaking employees of the COUNTY's sheriff's department.  On information and belief, at all relevant times, DOES 1-10 were residents of the County of Alameda, California.  DOES 1-10 are sued in their individual capacity for damages only.

5.    At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the

-2-

COMPLAINT FOR DAMAGES

course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

6. At all relevant times, Defendants DOES 1-10 were duly appointed deputies and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

8. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Alameda, California.

COMPLAINT FOR DAMAGES

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13.    On or about February 9, 2026, DECEDENT was at his home, located on the 1600 Block of Selborne Drive, in Unincorporated San Leandro, California and was experiencing a mental health crisis.

14.    On information and belief, DECEDENT was experiencing a mental health crisis during the incident.

15.    While DECEDENT was at or in front of his home, several COUNTY sheriff's deputies responded to the residence.

16.    On information and belief, the involved deputies eventually made contact with the DECEDENT and did not formulate a good tactical plan prior to making contact with DECEDENT.

17.    The DECEDENT was by himself while at his home, until the involved deputies arrived.

18.    On information and belief, the involved deputies unnecessarily escalated the situation by yelling several overlapping and conflicting commands without giving DECEDENT sufficient time to understand and comply with the commands and pointing guns at the DECEDENT.

19.    While DECEDENT was in front of his home, the involved deputies discharged their firearms at DECEDENT, striking him, causing DECEDENT serious physical injury and eventually killing him.

20.    On information and belief, at the time of the shooting, DECEDENT was in front of his home and had not physically injured anyone, including the involved officers. Further, DECEDENT did not pose an immediate threat of death or serious bodily injury, to the involved officers or anyone else, at the time of the shooting.

-4-

21.     DECEDENT was not armed with a gun during the incident.

22.     On information and belief, the involved deputies did not give DECEDENT a verbal warning that deadly force would be used against him, prior to firing the shots.

23.     The involved deputies should have gotten the DECEDENT the medical help he deeply needed and de-escalated the situation, instead of escalating the situation, which would have prevented the unnecessary use of deadly force against DECEDENT. Further, it was obvious, or it should have been obvious to an objectively reasonable deputy, that DECEDENT suffered from and was having a mental health crisis.

24.     DECEDENT did not physically harm anyone prior to being fatally shot by the involved deputies, nor did he attempt to do so.

25.     There were other reasonable alternatives to using deadly force against DECEDENT available and not utilized prior to the use of deadly force against DECEDENT, including, but not limited to, additional commands, verbal warnings that deadly force would be used prior to shooting, use of less lethal weapons such as taser guns and taking a position of cover if the deputies truly believed that DECEDENT was armed with a gun.

26.     On information and belief, during the incident DECEDENT was not trying to flee.

27.     On information and belief, after DECEDENT was shot, the involved deputies waited several minutes before providing and/or requesting medical attention for him and delayed the paramedics from providing medical aid to DECEDENT.

28.     On March 30, 2026, PLAINTIFF served his claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

29.     On May 14, 2026, COUNTY rejected PLAINTIFF'S claim for damages by operation of law.

COMPLAINT FOR DAMAGES

## **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants DOES 1-4)

30. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. DOES1-4's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. The unreasonable use of force by Defendant DOES 1-4 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a result, DECEDENT suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses.

34. As a result of the conduct of DOES 1-4, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

35. This use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been apparent that DECEDENT was suffering from a mental health crisis and the Decedent did not physically injure anyone during the incident, nor did he try to do so. Further, DECEDENT did not have a gun on or near his person during the incident and he did not pose an

-6-

immediate threat of death or serious bodily injury at the time of the shooting. Further, there were less than lethal alternatives available that were not utilized prior to resorting to the use of deadly force. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

36.    The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-4.

37.    PLAINTIFF brings this claim as successor-in-interest to the DECEDENT and seeks survival damages for the violation of DECEDENT's rights, including pre-death pain and suffering, loss of enjoyment of life and loss of life.

38.    PLAINTIFF also seeks statutory attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOES 1-4)

39.    PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.    The denial of medical care by the involved COUNTY deputies deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.    Following the conduct alleged above, Defendants DOES 1-4, knew or should have known that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of

-7-

COMPLAINT FOR DAMAGES

pain but unreasonably disregarded that serious medical need and delayed and/or prevented medical providers from providing treatment to DECEDENT, causing him further great bodily harm and pain.

42.   After shooting DECEDENT, DOES 1-4 did not timely summons medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries.

43.   As a result, DECEDENT suffered extreme mental and physical pain and  suffering and loss of income and earning capacity.

44.   DOES 1-4, are liable for DECEDENT's injuries and death, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

45.    The conduct of Defendant DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant Does 1-4.

46.   PLAINTIFF seeks survival damages under this claim for the violation of DECEDENT's rights.

47.   PLAINTIFF also seeks statutory attorney fees pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF
**Substantive Due Process (42 U.S.C. § 1983)**
(Against Defendant DOES 1-4)

48.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.    KRISTINA ANDERSON had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner

COMPLAINT FOR DAMAGES

as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

50.   As a result of the excessive force by DOES 1-4, and their failure to intervene, DECEDENT died.  Plaintiffs KRISTINA ANDERSON was thereby deprived of their constitutional right of familial relationship with DECEDENT.

51.    Does 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of KRISTINA ANDERSON to be free from unwarranted interference with their familial relationship with DECEDENT.

52.    The aforementioned actions of DOES 1-4, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff KRISTINA ANDERSON and with purpose to harm unrelated to any legitimate law enforcement objective.

53.   Defendants DOES 1-4, acting under color of state law, thus violated the Fourteenth Amendment rights of PLAINTIFF.

54.   As a direct and proximate cause of the acts of DOES 1-4, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body.  PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  PLAINTIFF is also claiming funeral and burial expenses.

55.   As a result of the conduct of DOES 1-4, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

56.   The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and PLAINTIFF

-9-

and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES 1-4.

57.     PLAINTIFF brings this claim individually and seeks wrongful death damages for the violation of PLAINTIFF's rights.

58.     PLAINTIFF also seeks statutory attorney fees under this claim.


**FOURTH CLAIM FOR RELIEF**
**Battery (Cal. Govt. Code § 820)**
(Wrongful Death)
(Against Defendants DOES 1-4 and COUNTY)

59.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.     DOES 1-4, while working as sheriff's deputies for the COUNTY's sheriff's department, and acting within the course and scope of their duties, intentionally shot DECEDENT.  As a result of the actions of DOES 1-4, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity.  DOES 1-4 had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force.

61.     DECEDENT was unarmed at the time of the incident, he never physically injured anyone during the incident and there were less than lethal alternatives to using deadly force against DECEDENT. Further, DECEDENT did not pose an immediate threat of death or serious bodily injury at the time of the incident and the use of deadly force was not necessary to defend human life.

62.     DECEDENT did not have the present ability, opportunity and apparent intent to immediately cause death or serious bodily injury to the involved deputies or anyone else. On information and belief, the involved deputies did not give a verbal warning that deadly force would be used prior to firing.

-10-

63. As a direct and proximate result of defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body.  PLAINTIFF also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses.

64. COUNTTY is vicariously liable for the wrongful acts of DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65. The conduct of DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling PLAINTIFF to an award of exemplary and punitive damages.

66. PLAINTIFF brings this claim as a successor-in-interest to DECEDENT and seeks wrongful death damages under this claim.

### FIFTH CLAIM FOR RELIEF
**Negligence (Cal. Govt. Code § 820)**
(Wrongful Death)
(Against All Defendants)

67. PLAINTIFF repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

    (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

-11-

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to summons and provide prompt medical care to DECEDENT;

(e)   the failure to properly and adequately assess the mental health crisis that DECEDENT was experiencing;

(f)   the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-4;

(g)   the failure to properly identify any object on or near DECEDENT's person just prior to the use of deadly force; and

(h)   the failure to formulate and/or execute a tactical plan, including with regards to taking cover.

69.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also, as a direct and proximate result of defendants' conduct as alleged above, PLAINTIFF suffered extreme and severe mental anguish and pain and has been injured in mind and body.  PLAINTIFF also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  Plaintiff is also claiming funeral and burial expenses.

70.   COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71.   Plaintiff brings this claim as a successor-in-interest to DECEDENT and seeks wrongful death damages under this claim.

COMPLAINT FOR DAMAGES

**SIXTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against All Defendants)

72.    PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

74.    Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act.

75.    Defendant DOES 1-4 use of deadly force was excessive and unreasonable under the circumstances, especially since it should have been apparent that DECEDENT was experiencing a mental health crisis prior to the shooting, also because DECEDENT was unarmed and never physically injured anyone during the incident, nor did he try to do so. Further, there were less than lethal alternatives to using deadly force against DECEDENT. Moreover, DECEDENT did not pose an imminent threat of death or serious bodily injury at the time of the shooting. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him.  Further, the involved deputies acted with a reckless disregard of constitutional and statutory rights of the DECEDENT, including the right to be free from having unreasonable and excessive deadly force used against him.

76.    DOES 1-4, while working as sheriff's deputies for the COUNTY sheriff's deputies, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the

-13-

courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

77. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his civil rights, DOES 1-4 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

78. On information and belief Defendant DOES 1-4 injured DECEDENT to prevent him from exercising his rights or retaliated against DECEDENT for having exercised his rights.

79. DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. PLAINTIFF has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. PLAINTIFF is also claiming funeral and burial expenses.

80. The conduct of DOES 1-4 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT.

81. COUNTY is vicariously liable for the wrongful acts of DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. The conduct of DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiffs to an award of exemplary and punitive damages.

83. PLAINTIFF bring this claim in a representative capacity as a successor-in-interest to the DECEDENT, and seeks survival damages for the violation of DECEDENT's rights.

84. The PLAINTIFF also seeks statutory attorney fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants County of Alameda, and Does 1-10, inclusive, as follows:

A.    For compensatory damages, including both survival damages and wrongful death damages under state law, in the amount to be proven at trial;

B.    Pre-death pain and suffering, loss of enjoyment of life and loss of life damages under federal law;

C.    For funeral and burial expenses;

D.    For punitive damages against the individual defendants in an amount to be proven at trial;

E.    For interest;

F.    For reasonable costs of this suit and attorneys' fees; and

G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  June 29, 2026             LAW OFFICES OF DALE K. GALIPO

By _/s/_ _Dale K. Galipo_
   Dale K. Galipo
   Eric Valenzuela
   Attorneys for Plaintiff

-15-

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED:  June 29, 2026          LAW OFFICES OF DALE K. GALIPO



                                By  /s/  *Dale K. Galipo*
                                    Dale K. Galipo
                                    Eric Valenzuela
                                    Attorneys for Plaintiff

-16-

COMPLAINT FOR DAMAGES