Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Christopher E. Brumfiel (SBN 214866)
E-mail: cbrumfiel@bwslaw.com
Jackson D. Morgus (SBN 318453)
E-mail: jmorgus@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780 Fax: 510.839.9104

Attorneys for Defendant
COUNTY OF ALAMEDA, PEDRO
DEROBLES, and GEORGIO HERRERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTINA ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, PEDRO DEROBLES, GEORGIO HERRERA and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:26-cv-06704-JLC<br><br>**DEFENDANTS COUNTY OF ALAMEDA, PEDRO DEROBLES, AND GEORGIO HERRERA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Lisa J. Cisneros<br><br>Complaint Filed:<br><br>Trial Date: TBD |

Defendants COUNTY OF ALAMEDA, PEDRO DEROBLES, and GEORGIO HERRERA ("Defendants") hereby answer the First Amended Complaint, filed July 9, 2026 ("Complaint") (Dkt. 6) by Plaintiff KRISTINA ANDERSON as follows:

## INTRODUCTION

1. In response to Paragraph 1 Defendants admit that the First Amended Complaint is brought pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), but deny each and every remaining allegation in this paragraph.

## PARTIES

2. In response to Paragraph 2 Defendants admit that Anthony Anderson is the Decedent in this matter. Except as specifically admitted herein, Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations and on that basis deny each

and every allegation.

3. In response to Paragraph 3 Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

4. In response to Paragraph 4, Defendants admit that Alameda County is a duly organized public entity under the laws of the State of California. Defendants admit that Defendants PEDRO DEROBLES and GEORGIO HERRERA were employed as Sheriff's deputies. Defendants deny that County of Alameda was the employer of "DOES 1-10." Defendants deny that Defendants DOES 1-10, and each of them, were engaged in any unlawful acts or practices relating to Anthony Anderson, and deny that the conduct of DOES 1-10, and each of them, in any way contributed to the death of Anthony Anderson and/or the alleged injuries and damages sustained by Plaintiff herein. Defendants deny each and every remaining allegation in this paragraph.

5. In response to Paragraph 5 Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

6. In response to Paragraph 6, Defendants deny that County of Alameda was the employer of "DOES 1-10." Defendants deny that Defendants DOES 1-10, and each of them, were engaged in any unlawful acts or practices relating to Anthony Anderson, and deny that the conduct of DOES 1-10, and each of them, in any way contributed to the death of Anthony Anderson and/or the alleged injuries and damages sustained by Plaintiff herein. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations and on that basis deny each and every allegation.

7. In response to Paragraph 7 Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

8. In response to Paragraph 8, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

9. In response to Paragraph 9, Defendants deny that DOES 1 through 10 are responsible in some manner for the conduct and liabilities alleged. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations and on that basis deny each

and every allegation.

## JURISDICTION AND VENUE

10. In response to Paragraph 10, Defendants admit.

11. In response to Paragraph 11, Defendants deny that Defendants reside in, and all incidents, events and occurrences giving rise to this action occurred in the County of Shasta. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations and on that basis deny each and every allegation.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. In response to Paragraph 12, Defendants reallege and incorporate by reference herein all responses previously asserted above.

13. In response to Paragraph 13, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

14. In response to Paragraph 14, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

15. In response to Paragraph 15, Defendants admit that on February 9th, 2026, County Sheriff's deputies responded to decedent's residence. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations and on that basis deny each and every allegation.

16. In response to Paragraph 16, Defendants deny each and every allegation contained therein.

17. In response to Paragraph 17, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

18. In response to Paragraph 18, Defendants deny each and every allegation contained therein.

19. In response to Paragraph 19, Defendants admit that on February 9, 2026, on or about the 16000 block of Selborne Drive, Decedent sustained at least one gunshot wound. Except as admitted herein, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis deny each and every allegation.

20. In response to Paragraph 20, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

21. In response to Paragraph 21, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

22. In response to Paragraph 22, Defendants deny each and every allegation contained therein.

23. In response to Paragraph 23, Defendants deny each and every allegation contained therein.

24. In response to Paragraph 24, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

25. In response to Paragraph 25, Defendants deny each and every allegation contained therein.

26. In response to Paragraph 26, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

27. In response to Paragraph 27, Defendants deny each and every allegation contained therein.

28. In response to Paragraph 28, Defendants admit that on March 30, 2026, Plaintiff filed a claim for damages against Defendant County of Alameda pursuant to Government Code Section 910.4. Except as specifically admitted herein, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28, and on that basis deny each and every allegation.

29. In response to Paragraph 29, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

//

//

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

30. In response to Paragraph 30, Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

31. In response to Paragraph 31, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

32. In response to Paragraph 32, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

33. In response to Paragraph 33, Defendants deny each and every allegation contained therein.

34. In response to Paragraph 34, Defendants deny each and every allegation contained therein.

35. In response to Paragraph 35, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

36. In response to Paragraph 36, Defendants deny each and every allegation contained therein.

37. In response to Paragraph 37, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

38. In response to Paragraph 38, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

//

//

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

39. In response to Paragraph 39, Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

40. In response to Paragraph 40, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

41. In response to Paragraph 41, Defendants deny each and every allegation contained therein.

42. In response to Paragraph 42, Defendants deny each and every allegation contained therein.

43. In response to Paragraph 43, Defendants deny each and every allegation contained therein.

44. In response to Paragraph 44, Defendants deny each and every allegation contained therein.

45. In response to Paragraph 45, Defendants deny each and every allegation contained therein.

46. In response to Paragraph 46, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

47. In response to Paragraph 47, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

**THIRD CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

**(Against Defendants PEDRO DEROBLES, GEORGIO HERRERA and DOES 1-4)**

48. In response to Paragraph 48, Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

49. In response to Paragraph 49, Defendants state that this paragraph contains legal

conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

50. In response to Paragraph 50, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

51. In response to Paragraph 51, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

52. In response to Paragraph 52, Defendants deny each and every allegation contained therein.

53. In response to Paragraph 53, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010).

54. In response to Paragraph 54, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

55. In response to Paragraph 55, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

56. In response to Paragraph 56, Defendants deny each and every allegation contained therein.

57. In response to Paragraph 57, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

58. In response to Paragraph 58, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

**FOURTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820)**

**(Wrongful Death)**

59. In response to Paragraph 59, Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

60. In response to Paragraph 60, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

61. In response to Paragraph 61, Defendants deny each and every allegation contained therein.

62. In response to Paragraph 62, Defendants deny each and every allegation contained therein.

63. In response to Paragraph 63, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

64. In response to Paragraph 64, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

65. In response to Paragraph 65, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

66. In response to Paragraph 66, Defendants lack sufficient knowledge to form a belief

as to the truth of the allegations and on that basis deny each and every allegation.

**FIFTH CLAIM FOR RELIEF**

**Negligence (Cal. Govt. Code § 820)**

**(Wrongful Death)**

**(Against all Defendants)**

67. In response to Paragraph 67, Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

68. In response to Paragraph 68, Defendants deny each and every allegation contained therein.

69. In response to Paragraph 69, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

70. In response to Paragraph 70, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

71. In response to Paragraph 71, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

**SIXTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code § 52.1)**

**(Against all Defendants)**

72. In response to Paragraph 72, Defendants re-allege and re-incorporate by reference herein all responses previously asserted above.

73. In response to Paragraph 73, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

74. In response to Paragraph 74, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718

F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

75. In response to Paragraph 75, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

76. In response to Paragraph 76, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation contained therein.

77. In response to Paragraph 77, Defendants deny each and every allegation contained therein.

78. In response to Paragraph 78, Defendants deny each and every allegation contained therein.

79. In response to Paragraph 79, Defendants deny each and every allegation contained therein.

80. In response to Paragraph 80, Defendants deny each and every allegation contained therein.

81. In response to Paragraph 81, Defendants state that this paragraph contains legal conclusions to which no response is required. *Barnes v. AT&T Pension Benefit Plan,* 718 F.Supp.2d 1167, 1175 (N.D. Cal. 2010). To the extent there are any factual allegations, Defendants deny each and every allegation.

82. In response to Paragraph 82, Defendants deny each and every allegation contained therein.

83. In response to Paragraph 83, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

84. In response to Paragraph 84, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and on that basis deny each and every allegation.

**PRAYER**

Defendants deny that Plaintiff is entitled to any relief for which Plaintiff prays, and Defendants accordingly deny all of the allegations contained in Plaintiff's claim for relief.

Except as specifically admitted herein, Defendants deny each and every allegation in Plaintiff's Complaint. Defendants reserve the right to amend this Answer and assert additional defenses based on further investigation and discovery.

**AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses with respect to the claims alleged in Plaintiff's Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiff. Defendants also hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve any right to amend this answer and to assert all such defenses.

**FIRST AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants assert that the First Amended Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Plaintiff's claims, and each of them, as set forth in the Complaint, are barred or limited by the applicable statutes of limitations under either federal or California law.

**THIRD AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants are not liable to Plaintiff, in whole or in part, because the losses or harm that Plaintiff allegedly suffered were not caused by any act or omission of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants did not deprive Plaintiff or Decedent of any right, privilege or immunity guaranteed by the Constitution or laws of the State of California.

//

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or California law.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, the Complaint, and each cause of action thereof, is barred because Plaintiff failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, the Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants do not have supervisory liability or vicarious liability for any act or omission alleged in Plaintiff's Complaint.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, this Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, and 821.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants did not deprive Plaintiff of any right, privilege or immunity guaranteed by the Constitution, the laws of the United States, and the laws of California.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants allege that the Complaint fails to state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to a governmental custom or policy. *Id.*

//

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Plaintiff's claims fail to state a basis upon which attorneys' fees or costs can be awarded.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants allege that they are not responsible for the alleged acts or omissions of Defendants' employees under a respondeat superior theory of liability. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants did not owe a duty of care to Plaintiff, and did not have a special relationship to any person alleged in the Complaint so as to give rise to any duty running to any person. *Zelig v. Cnty. of L.A.,* 27 Cal. 4th 1112 (2002).

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's claims, and each of them, are barred in whole or in part by the doctrine of qualified immunity.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that all actions taken by the individual Defendants were taken in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper. Furthermore, each action or decision not to act was reasonable under the totality of the circumstances present and operative as of the time of each such decision, and said act or decision not to act did not violate any clearly established statutory or constitutional right of which a reasonable person should have known. Thus, the individual Defendants are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants are informed and believe and thereon allege that Decedent's own conduct estops Plaintiff from claiming the damages alleged in the Complaint.

//

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants are informed and believe and thereon allege that, to the extent Plaintiff suffered any damages, the damages were suffered in whole or in part by the negligence of Plaintiff, and the damages of Plaintiff should be reduced by a proportional amount.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants are informed and believe and thereon allege that, to the extent Plaintiff suffered any damages, the damages were suffered in whole or in part by the negligence of a third party other than Defendants and that liability, if any, should therefore either be barred or reduced to the extent of such negligence.

**TWENTIETH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Plaintiff has failed to comply with the California Government Claims Act ("GCA"), including the claim presentation and timing deadlines contained in the GCA.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that every action and omission alleged in the Complaint, to the extent that such act or omission was committed by Defendants, such act or omission was legally justified and Plaintiff's claims based thereon are therefore barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that Plaintiff has not been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

//

//

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that to the extent that Defendants or any of their employees or agents used force during the incident alleged in the Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in self-defense and the lawful defense of third parties.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that Decedent willfully and unlawfully used force and violence upon the officers and provoked the altercation and events alleged in the Complaint. The force employed to prevent the continuance of such conduct was reasonable and not excessive.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that to the extent that Defendants or any of their employees or agents used force in the incident alleged in the Complaint, such use of force was in the exercise of the right of self-defense or the right to defend others. Decedent knew an arrest or detention was being made by peace officers and had a duty to refrain from using force to resist, and was in violation of Penal Code sections 148, 241, 243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officers. Cal. Civ. Code, §§ 43, 50; Cal. Pen. Code, §§ 197, 198.5, 417, 692, 835a, 836.5(b).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants assert that neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him or her.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants are informed and believe and thereon allege that Defendants are immune from liability under the immunities set forth in the California Government Code.

//

//

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

As and for a separate and affirmative defense, Defendants are informed and believe and thereon allege that the Complaint and each and every claim therein is barred because Plaintiff failed to mitigate Plaintiff's damages, if any there were.

**THIRTIETH AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Plaintiff failed to give notice to Defendants in connection with the filing of certain of the claims that require notice.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Plaintiff's Complaint does not rise to the level of a constitutional statutory violation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Defendants did not act with malicious intent to deprive any person of a constitutional right or to cause injury, and therefore are not liable.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Plaintiff's Complaint and each of its causes of action are uncertain.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense, Defendants' conduct occurred in the proper exercise of the officers' job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States or State of California, or to do any person any other injury.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

As and for a separate affirmative defense, Defendants allege that Plaintiff has failed to plead that each government official Defendant violated the Constitution through his or her own conduct, and therefore each such Defendant may not be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

## RESERVATION OF ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event investigation and discovery indicate that they would be appropriate.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial before a jury on all issues presented by Plaintiff's Complaint triable to a jury.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by way of Plaintiff's First Amended Complaint and that judgment be rendered in Defendants' favor;
2. That Defendants be awarded their costs of suit incurred in defense of this action;
3. That Defendants be awarded their attorney's fees and litigation expenses incurred in defense of this action; and
4. For such other relief as the Court deems proper.

Dated: September 23, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: ______________________________
Gregory B. Thomas
Christopher E. Brumfiel
Jackson D. Morgus
Attorneys for Defendants
COUNTY OF ALAMEDA
PEDRO DEROBLES
GEORGIO HERRERA

**PROOF OF SERVICE**

**Kristina Anderson v. County of Alameda, et al.**
**Case No. 3:26-cv-06704-JLC**

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is 1999 Harrison Street, Suite 1650, Oakland, CA 94612-3520.

On September 23, 2026, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF ALAMEDA, PEDRO DEROBLES, AND GEORGIO HERRERA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

Dale K. Galipo
dalekgalipo@yahoo.com
Eric Valenzuela
evalenzuela@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiff Kristina Anderson*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2026, at Oakland, California.

Hazel Varela-Rodriguez
Hazel Varela-Rodriquez