Gregory B. Thomas (SBN 239870)
E-mail: gthomas@bwslaw.com
Christopher E. Brumfiel (SBN 214866)
E-mail: cbrumfiel@bwslaw.com
Jackson D. Morgus (SBN 318453)
E-mail: jmorgus@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, California 94612-3520
Tel: 510.273.8780 Fax: 510.839.9104

Attorneys for Defendant
COUNTY OF ALAMEDA, PEDRO DEROBLES, and GEORGIO HERRERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KRISTINA ANDERSON,<br>Plaintiff,<br>v.<br>COUNTY OF ALAMEDA PEDRO DEROBLES, GEORGIO HERRERA and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 3:26-cv-06704-JLC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge: Hon. Vince Chhabria<br>Date: October 16, 2026<br>Time: 10:00 a.m. |

Plaintiff KRISTINA ANDERSON ("Plaintiff"), and Defendants COUNTY OF ALAMEDA, PEDRO DEROBLES, and GEORGIO HERRERA ("County Defendants") hereby submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

## I. Jurisdiction, Venue, and Service

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and the amount in controversy exceeds $75,000. Venue is proper in this district under 28 U.S.C. § 1391 because some of the events giving rise to the claim occurred in this district. All defendants have been served and have appeared.

/ / /

## II. Facts

### A. Plaintiffs' Position

On February 9, 2026, Anthony Anderson (Decedent) was fatally shot by Pedro De Robles and Georgio Herrera of the Alameda Sheriff's Department. The shooting occurred in front of Decedent's home located on the 1600 Block of Selborne Drive, in Unincorporated San Leandro. Decedent was not armed with a gun at the time of the incident and was experiencing a mental crisis when he was shot by the involved deputies. Further, Decedent did not pose an immediate threat of death or serious bodily injury at the time of the shooting and there were several less lethal alternatives available to the involved deputies which were not utilized before resorting to the use of deadly force. Decedent did not physically injure anyone during the incident and the deputies did not give a verbal warning that deadly force would be used.

### B. County Defendants' Position

This action arises from an incident that occurred on February 9, 2026, at approximately 3:23 a.m., at 16076 Selborne Drive, San Leandro. Decedent Anthony Anderson called Alameda County emergency dispatch and stated, unprompted, that he had been awake for several days, had obtained a loaded semi-automatic handgun on the street in East Oakland the day before, and intended to go on a "killing rampage" imminently. Decedent stated that responding officers "better be ready to shoot" because he intended to shoot first. Decedent denied any mental health diagnosis or drug or alcohol use, described chronic insomnia and depression, and provided dispatch with his identity, physical description, and location. Alameda County Sheriff's Office deputies responded and established a perimeter while dispatch remained on the phone with Decedent, repeatedly instructing him that he could speak with deputies only if he exited his residence with his hands empty and visible, and that he needed to remain inside if he intended to retain the firearm. Decedent refused multiple direct instructions to leave the firearm inside, stated he would not exit without it, and, when he ultimately came outside, admitted his hands were not empty and stated he could not guarantee they would remain visible. Deputies gave verbal commands to Decedent to put his hands above his head. Decedent ignored commands, and as Decedent approached a vehicle in the street and reached into his pocket, the guns of Deputies De Robles and Herrera discharged.

## III. <u>Legal Issue</u>

### A. Plaintiffs' Position

Unreasonable Search and Seizure- Excessive Force 42 U.S.C. 1983 and Fourth Amendment.

Unreasonable Search and Seizure- Denial of medical care Fourth Amendment, 42 U.S.C 1983.

Substantive Due Process- 14 Amendment and 42 U.S.C. 1983

Battery (Wrongful Death)

Negligence (Wrongful Death)

Violation of the Bane Act Cal. Civil Code section 52.1.

### B. County Defendants' Position

The primary legal issues raised by the Complaint are:

(1) Whether Defendants used excessive force and violated the Decedent's rights under the Fourth and Fourteenth Amendment of the United States Constitution.

(2) Whether Defendants denied the Decedent medical care and violated the Decedent's rights under the Fourth and Fourteenth Amendment of the United States Constitution.

(3) Whether Defendants denied the Decedent substantive due process and violated the Decedent's rights under the Fourteenth Amendment of the United States Constitution.

(4) Whether Defendants committed battery against the Decedent

(5) Whether Defendants negligently breached a duty owed to the Decedent under California Government Code § 820.

(6) Whether Defendants violated the Decedent's rights under the Tom Bane Act (Cal. Civ. Code § 52.1)

(7) Whether Defendants are statutorily immune from liability based on Plaintiff's state law claims.

(8) Whether individually named Defendants are entitled to qualified immunity.

(9) Whether Plaintiff is entitled to the relief sought in this case and the nature and extent of their claimed damages.

(10) Defendants' defenses.

## IV. Motions

There are no pending motions at this time.

Defendant County of Alameda anticipates filing a Motion for Summary Judgment.

## V. Amendment of Pleadings

The Parties do not anticipate the need for any further amendments, but reserve the right to seek leave to amend their pleadings should the need arise.

## VI. Evidence Preservation

The Parties have taken steps to collect and preserve evidence related to the issues presented by this action. The Parties confirm that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

## VII. Disclosures

The Parties have agreed to exchange initial disclosures on or before October 9, 2026, with amended disclosures in the future if needed.

## VIII. Discovery

### A. Plaintiffs' Position

The Plaintiff anticipates doing written discovery including request for production of documents, and subpoenas to third parties such as the Coroner's Office and any medical providers such as the Fire Department/Paramedics from Alameda County. Plaintiff also plans to depose the two shooting deputies and medical examiner who conducted the autopsy of Decedent. The parties have not yet entered into any stipulations regarding discovery.

### B. County Defendants' Position

The County Defendants anticipate propounding interrogatories and document requests, and taking depositions of Plaintiff and witnesses. Discovery will encompass the following subjects:

(i) Plaintiff's state law claims against the County Defendants.

(ii) Plaintiff's federal claims against the County Defendants.

(iii) Plaintiff's claims for damages; and

(iv) Other claims and defenses.

The parties have not yet entered into any stipulations regarding discovery.

**IX. Class Actions**

This is not a class action.

**X. Related Cases**

There are no related civil cases.

**XI. Relief**

**A. Plaintiffs' Position**

Plaintiff seeks compensatory damages including for pre death pain and suffering, loss of life, loss of enjoyment of life and wrongful death damages in excess of $3,000,000. Plaintiff also seeks punitive damages and statutory attorney's fees in amount to be determined.

**B. County Defendants' Position**

Defendant County of Alameda denies that Plaintiff is entitled to any relief. Defendant County of Alameda does not seek any affirmative relief in this case.

**XII. Settlement and ADR**

The parties have not yet tried to settle this case. Initial discovery is necessary before settlement efforts are appropriate and can be productive. The Parties stipulate to referral to a Mandatory Settlement Conference with a magistrate judge after the summary judgment stage and before trial. The parties are also open to private mediation and may schedule a private mediation session at an earlier date if appropriate.

**XIII. Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV. Narrowing of Issues**

**A. Plaintiffs' Position**

Plaintiffs assert that the issue of the deputies acting under color of law and in the course and scope of their employment can be resolved by agreement.

**B. County Defendants' Position**

County Defendants represent that the Parties will continue to seek to narrow issues via the

discovery process, meeting and conferring, and motion(s) for summary or partial summary judgment following discovery. Defendants reserve the right to seek bifurcation of issues if the need arises.

**XV. Scheduling**

The parties propose the following deadlines:

| | |
|---|---|
| Deadline for Amended Pleadings: | March 31, 2027 |
| Close of Non-Expert Discovery: | April 30, 2027 |
| Expert Disclosure: | June 4, 2027 |
| Rebuttal Expert Disclosure: | June 25, 2027 |
| Close of Expert Discovery: | July 30, 2027 |
| Deadline to File Dispositive Motions: | September 30, 2027 |
| Trial Setting Conference: | January 7, 2028 |

**XVI. Trial**

The Parties request a trial by jury and expect the trial to last approximately five to seven days.

**XVII. Disclosure of Non-Party Interested Entities or Persons**

No persons, firms, partnerships, corporations (including parent corporations) or other entities are known by Plaintiffs to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. Governmental Defendants are exempt from this requirement.

**XVIII. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XIX. Such Other Matters as May Facilitate the Just, Speedy And Inexpensive Disposition Of This Matter**

**A. Plaintiff's Position**

After doing some initial discovery and obtaining the investigation materials including any

photos, videos, reports, autopsy report/pictures and recorded interviews of witnesses and the involved/shooting deputies, Plaintiff believes that they will be in a position to conduct an early settlement conference to try to resolve the case.

**B. County Defendants Position**

The County Defendants are in the process of evaluating and investigating this case but will welcome settlement conference and attempts at resolution at such a time as they may be productive.

Dated: October 9, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: ______________________
Gregory B. Thomas
Christopher E. Brumfiel
Jackson D. Morgus
Attorneys for Defendant
COUNTY OF ALAMEDA

Dated: October 9, 2026

LAW OFFICES OF DALE K. GALIPO

By: */s/ Eric Valenzuela*
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs